UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UPRIGHT PROPERTY MANAGEMENT
LLC, LATINA ROGGERO,

       Plaintiffs,

v.

       Case No. 2:25-cv-10520
       Honorable Brandy R. McMillion
       United States District Judge

FAY SERVICING, CODILIS &
MOODY, P.C.,

       Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a *pro se* civil case filed by Plaintiffs Upright Property Management, LLC and Latina Roggero (collectively, "Plaintiffs") against Defendants Fay Servicing and Codilis & Moody, P.C. *See generally* ECF No. 1. Plaintiffs have also filed an Application to Proceed in District Court Without the Prepayment of Fees or Costs. ECF No. 2. After reviewing the Complaint, the Court **SUMMARILY DISMISSES** Plaintiffs' claims pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court finds that Plaintiffs have failed to state a federal claim for which relief can be granted, and Plaintiffs' state law claims should be litigated in state court.

1

I.

As best the Court can discern, Plaintiffs are seeking civil redress against Defendants relating to a fraudulent property foreclosure within the state of Michigan. *See* ECF No. 1, PageID.4. The Complaint states:

> Plaintiff brings suit to Michigan Law for Quiet Title Action under MCL 554.871 and MCL 600.5821 for violations of Michigan foreclosure. I dispute all claims of contract 15 USC 1692a-n.
>
> * * *
>
> The Plaintiff disputes all claims of ownership or liability for the alleged debt and asserts that no valid contract exists under 15 U.S.C. §§ 1692a-g. The Defendants have violated the Plaintiff's rights under 18 U.S.C. § 241 by engaging in unlawful actions that infringe upon federally protected rights and have committed securities fraud through deceptive and fraudulent practices.

*Id.* at PageID.4-5. It appears that Plaintiff is disputing the mortgage on a piece of property unless the Defendants can produce original loan documents; and if they can't Plaintiff is requesting the deed be returned. *Id*. at PageID.6. ("the Defendants produce the original promissory note signed in blue ink, along with the mortgage debt lien contract as proof of claim. If the Defendants fail to produce the original note or contract, the Plaintiff disputes the validity of the alleged debt, asserting that the debt has been pre-paid and that the warranty deed should be deeded back to the rightful owner.) In addition, Plaintiff seeks "20% compensation for damages,

2

unlawful foreclosure proceedings, and any financial harm suffered due to Defendants' actions." *Id*.

## II.

Plaintiffs have filed an Application to Proceed in District Court Without the Prepayment of Fees and Costs (*in forma pauperis*). ECF No. 2. Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 16-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Given that Plaintiffs are proceeding *pro se*, the Court must construe their pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal. "The mandated liberal construction . . . means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include

claims that were never presented. . . ." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). Nor may the Court "'conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

A complaint doesn't need detailed factual allegations, but it must include enough facts to suggest a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put differently, complaints must contain enough factual matter, taken as true, to suggest that the claim is plausible. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when the facts allow a court to reasonably infer that the defendant is responsible for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

### III.

As an initial matter, Plaintiffs' Complaint fails to allege facts sufficient to determine which Defendant is responsible for what conduct. General allegations as against "Defendants" or "all Defendants", especially in the context of fraudulent conduct, is insufficient to place a party on notice as to its own alleged wrongdoing. *See Llewellyn-Jones v. Metro Prop. Grp., LLC,* 22 F. Supp. 3d 760, 780 (E.D. Mich.

4

2014) (citing *Hoover v. Langston Equipment Associates, Inc.*, 958 F.2d 742, 745 (6th Cir.1992)). Further, Plaintiffs are required to allege sufficient facts to support their claims. *Twombly*, 550 U.S. at 555. When they fail to do so, the Complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. Here, Plaintiff alleges no facts with any particularity regarding what property is at issue, when and if a foreclosure occurred, what debt and/or mortgage is at issue, how any conduct was fraudulent, etc. Conclusory allegations are insufficient to state a valid claim of relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57.

Further, 15 U.S.C. §§ 1692 is the section of the United States Code that governs debt collection practices and consumer credit protection. It is part of the Fair Debt Collection Practices Act ("FDCPA") and provides a means in which to challenge payoff demands, determine the validity and accuracy of asserted debts, and prevent abusive debt collection practices. However, the allegations of the Complaint simply state "[t]he Plaintiff disputes all claims of ownership or liability for the alleged debt and asserts that no valid contract exists under 15 U.S.C. §§ 1692a-g." ECF No. 1, PageID.5. This is conclusory and insufficient to state a claim for relief under the FDCPA and therefore must be dismissed.

Plaintiffs also allege that "[t]he Defendants have violated Plaintiff's rights under 18 U.S.C. § 241 by engaging in unlawful actions that infringe upon federally protected rights and have committed securities fraud through deceptive and

5

fraudulent practices." *See* ECF No. 1, PageID.5. This claim fails because 18 U.S.C. § 241 is a criminal statute and Plaintiffs have no standing to enforce criminal laws. Only proper governmental authorities can enforce criminal laws and private parties have no right to do so. *See Am. Post Workers Union, AFL-CIO v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973); *Assoc. Builders & Contractors v. Perry*, 16 F.3d 688, 692 (6th Cir. 1994) ("[P]rivate citizen[s] lack[] a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Lee v. Stewart*, No. 20-5952, 2021 WL 6932349 (6th Cir. Aug. 24, 2021). Consequently, this claim must be dismissed with prejudice.

That leaves Plaintiffs' state law claims to quiet title under Mich. Comp. Laws § 554.871 and MCL § 600.5821. *See* ECF No. 1, PageID.4. District courts have discretion to decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Given the dismissal of the alleged federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law quiet title claims. The Court dismisses those claims without prejudice and instructs Plaintiffs that they can refile those claims in state court if they so desire.

**IV.**

Accordingly, Plaintiffs' alleged federal claims under 15 U.S.C. §1692a-n and 18 U.S.C. § 241 are summarily **DISMISSED WITH PREJUDICE** for failure to

state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).  The state law claims to quiet title under Mich. Comp. Laws § 554.871 and Mich. Comp. Laws § 600.5821 are **DISMISSED WITHOUT PREJUDICE**, to be refiled in state court, if Plaintiffs so desire.  Plaintiffs' request to proceed *in forma pauperis* (ECF No. 2) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated:  March 3, 2025                                              s/Brandy R. McMillion  
                                                                                  Hon. Brandy R. McMillion  
                                                                                  United States District Judge